WILLIAM E. STILLINGS, as Executor of ISAAC I. STILLINGS, Deceased, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant. ·

NEGLIGENCE — WHEN QUESTION WHETHER A DECEDENT WAS GUILTY OF CONTRIBUTORY NEGLIGENCE IN CROSSING A STREET IN FRONT OF AN APPROACHING CAR SHOULD BE SUBMITTED TO THE JURY. Where a person was struck and killed by a south-bound street railway car, running at a high rate of speed, while crossing diagonally from the southwest corner of a street, to catch a car waiting on the northeast corner, the conductor of which called to him to hurry up if he wanted to get that car, the question whether decedent was chargeable with contributory negligence, in walking diagonally across a street facing an approaching car and colliding therewith, should not be determined as a question of law but should be submitted to the jury upon the ground that the call of the conductor may have momentarily diverted the attention of the decedent from the approaching car and that the loss of time occasioned thereby may have prevented his escape and resulted in his death, since this, taken in connection with other circumstances disclosed in the case, including the decedent's probable deception as to the speed of the south-bound car and his right to suppose that the motorman would have it under control as he approached the crossing, presented a question of fact rather than one of law.

*Stillings* v. *Met. St. Ry. Co.*, 84 App. Div. 201, affirmed.

(Argued January 27, 1904; decided February 9, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 26, 1903, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, Bayard H. Ames* and *Henry A. Robinson* for appellant. The deceased was not shown to have been free from contributory negligence, and it was error to deny the motion to dismiss the complaint upon that ground. (*Wieland* v. *D. & H. C. Co.*, 167 N. Y. 19, 24; *Fejdowski* v. *D. & H. Co.*, 168 N. Y. 500; *Tucker* v. *N. Y. C. & H. R.*

*R. R. Co.*, 124 N. Y. 308; *Thompson* v. *B. R. Co.*, 145 N. Y. 196; *Davenport* v. *B. C. R. R. Co.*, 100 N. Y. 632; *Meyer* v. *B. H. R. R. Co.*, 9 App. Div. 79; *Mackenzie* v. *U. R. Co.*, 82 App. Div. 124; *Biederman* v. *D. D.*, etc., *R. R. Co.*, 54 App. Div. 291; *Johnson* v. *T. A. R. R. Co.*, 69 App. Div. 247; *Madigan* v. *T. A. R. R. Co.*, 68 App. Div. 123.) The defendant was not shown to be negligent. (*Stabenau* v. *A. A. R. R. Co.*, 155 N. Y. 511; *Jackson* v. *U. Ry. Co.*, 77 App. Div. 161; *Johnson* v. *T. A. R. R. Co.*, 69 App. Div. 250; *Greenberg* v. *R. R. Co.*, 35 App. Div. 619; *Scott* v. *R. R. Co.*, 41 N. Y. S. R. 154; *Doller* v. *R. R. Co.*, 7 App. Div. 283; *Muessman* v. *M. S. R. R. Co.*, 76 App. Div. 4; *McClusky* v. *R. R. Co.*, 67 App. Div. 617; *Fenton* v. *R. R. Co.*, 126 N. Y. 625.)

*Archibald C. Shenstone* for respondent. The decedent was not chargeable with contributory negligence as matter of law, and the question of decedent's negligence was properly submitted to the jury. (*S. P. R. R. Co.* v. *Harada*, 109 Fed. Rep. 379; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Kettle* v. *Turl*, 162 N. Y. 255; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280; 1 S. & R. on Neg. [5th ed.] 61, § 53.) The defendant appellant is chargeable with and responsible for the death of the decedent. (*Copeland* v. *M. S. R. R. Co.*, 67 App. Div. 483; 78 App. Div. 418; *Hendey* v. *M. S. R. R. Co.*, 70 App. Div. 26; *Murphy* v. *Orr*, 96 N. Y. 14; *Fenton* v. *S. A. R. R. Co.*, 126 N. Y. 625; *Duncan* v. *U. R. R. Co.*, 39 App. Div. 497; *Frank* v. *M. S. R. R. Co.*, 58 App. Div. 100; *Reilly* v. *B. H. R. R. Co.*, 65 App. Div. 453; *Hoyt* v. *M. S. R. R. Co.*, 73 App. Div. 249; *Behrens* v. *D. D. R. R. Co.*, 53 Hun, 571.)

HAIGHT, J. This action was brought to recover damages for the alleged negligently killing of the plaintiff's testator. On January 7th, 1899, at about midnight, the decedent, a man seventy-three years of age, with a companion, was at the

southwest corner of Central Park West and Sixty-ninth street, intending to take a north-bound car on the defendant's road. The car was then approaching from Sixty-eighth street and was signaled to stop by the decedent's companion and they started diagonally across the street towards the northeast corner where the cars stopped to receive and discharge passengers. They had proceeded as far as the south-bound track when the north-bound car passed them and stopped at the crosswalk. The conductor then called to them to hurry up if they wanted to get on that car. An instant later a south-bound car, running at a speed of from twenty to twenty-five miles per hour, struck and killed the decedent. His companion testified, in substance, that they saw the south-bound car approaching from Seventy-first street before leaving the southwest corner of Sixty-ninth street; that in proceeding diagonally across the street he led the way, the decedent walking four or five feet behind him and that as the decedent stepped upon the south-bound track he called to him to look out for the car and that he attempted to avoid it by a backward movement but was struck and killed.

The defense interposed is that of contributory negligence, and the contention of the appellant is that such negligence appears as a matter of law and that a verdict should have been directed for the defendant. It must be conceded that the question presented is upon the border line, and that ordinarily a person could not walk diagonally across a street facing an approaching car and colliding therewith without becoming chargeable with contributory negligence; but in this case we have finally concluded to sustain the trial court in submitting the case to the jury, not, however, upon the theory that the call of the conductor to hurry up was such an invitation as would justify the decedent in the belief that his access to the car was thereby rendered safe and that he was excused from looking out for the approaching south-bound car; but upon the ground that the call of the conductor may have momentarily diverted his attention therefrom, and that the loss of time occasioned thereby prevented

his escape and resulted in his death.    This, taken in connection with the other circumstances disclosed in the case, including the decedent's probable deception as to the speed of the south-bound car and his right to suppose that the motorman would have it under control as he approached the crossing, we think presented a question of fact rather than one of law.

The judgment should be affirmed, with costs.

BARTLETT and VANN, JJ., concur in the result, upon the ground that the call of the conductor, while engaged in the discharge of his duty to look out for passengers and take them on board his car, was an invitation by the company and an assurance of safety to the deceased.

PARKER, Ch. J., CULLEN and WERNER, JJ. (and BARTLETT and VANN, JJ., in memorandum, in result), concur; GRAY, J., not sitting.

Judgment affirmed.